UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO GUILLEN DURAN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ERIC HOLDER, et al.,<br><br>　　　　Respondent. | No. EDCV 13-1921-SVW (AGR)<br><br>**OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2241)** |

The Court agrees with Respondent's April 18, 2016 Suggestion Of Mootness showing that Petitioner, whose Petition sought conditional release from pre-removal ICE custody, has been removed from the United States. His removal renders the case moot.

**1.**

**BACKGROUND**

On October 22, 2013, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). Petitioner stated in the Petition that he is a 48-year old citizen of Mexico who entered the United States in 1985 and has five drunk-driving convictions. (*Id.* at 6-8; *see* Dkt. No. 5-2 (order denying conditional release) at 2 (reciting that Petitioner has 5 DUI convictions).) Those convictions underlie an

Immigration Judge's order that Petitioner be removed from the United States. Petitioner challenges the length of his pre-removal detention.

On April 18, 2016, Respondent filed a Suggestion Of Mootness. (Dkt. No. 12.) Exhibit A to the document is a Warrant Of Removal indicating that Petitioner was removed from the United States in the afternoon on January 14, 2016.

## 2.

## DISCUSSION

Mootness is jurisdictional. *See Koppers Indus. v. U.S.E.P.A.*, 902 F.2d 756, 758 (9th Cir. 1990). The fundamental issue in deciding mootness is whether there is a current controversy to which effective relief can be granted. *American Rivers v. National Marine Fishery Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) ("If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed."). "This means that, throughout the litigation, the Plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation and quotation marks omitted).

In the context of whether a habeas petition is moot, the "analysis is specifically limited to the sort of equitable relief we may grant in response to a habeas petition." *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). A habeas petition is moot when the petitioner "seeks relief [that] cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus." *Id.* at 1000-01 (citation, quotation marks, and ellipses omitted).

"Deportation from the United States after filing a habeas petition does not necessarily moot a petitioner's claim." *Abdala v. Immigration and Naturalization Service*, 488 F.3d 1061, 1063 (9th Cir. 2007). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, . . . there must be some remaining 'collateral consequence' that may be redressed by success on the

petition." *Id.* at 1064. "[W]here the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Id.*

Just as in *Abdala*, Petitioner "challenge[s] only the length of his detention at the INS facility." *Id.* at 1065; *Martinez-Reyes v. Burns*, 2011 WL 1375293, *2 (C.D. Cal. March 18, 2011) ("the pending Petition seeks only petitioner's release from ICE custody and a stay of deportation pending adjudication of the petition"; "since petitioner's removal from the United States has released him from ICE custody, he has received the only relief this Court might provide him, and the pending Petition is moot"), *adopted by* 2011 WL 1375163 (C.D. Cal. April 11, 2011).; *see also Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) ("By his petition for habeas corpus, Picrin-Peron has requested only release from custody. Because he has been released, there is no further relief we can provide."); *Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) ("Ferry's challenge to the legality of his detention without an opportunity for bond or a bond hearing is moot. Ferry's administrative removal order of his detention without an opportunity for bond or a bond hearing is moot. Ferry's administrative removal order has been executed, and thus, Ferry is no longer in the custody of DHS to benefit from a bond determination or release.").

Given that Petitioner has already been released, this Court is unable to provide the relief Petitioner requests. *See McNutt v. Chelan County*, 2008 WL 4148604, *1 n.1 (E.D. Wash. 2008) ("Habeas petition[s] brought under § 2241 are subject to summary dismissal pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases.").

IT IS HEREBY ORDERED that the Petition is DENIED as moot.

DATED: November 22, 2016

_____
STEPHEN V. WILSON
United States District Judge

3